UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WISSAM T. HAMMOUD,

        Petitioner,

                                                Case No. 15-cv-13056
v.                                           Honorable Gerald E. Rosen

WARDEN J.A. TERRIS, FCI MILAN, MI,

        Respondent.
_____/

## ORDER SUMMARILY DISMISSING THE HABEAS PETITION

### I. Introduction

This case has come before the Court on a *pro se* habeas corpus petition under 28 U.S.C. § 2241. Petitioner Wissam T. Hammoud is an inmate at the Federal Correctional Institution in San Pedro, California. Respondent J.A. Terris is the warden at the Federal Correctional Institution in Milan, Michigan (FCI-Milan).

The petition and exhibits allege that, while Petitioner was confined at FCI Milan earlier this year, he was found guilty of threatening a member of the prison staff. As a result, he was punished with twenty-seven days disallowance of good conduct time, among other things. He claims that prison officials violated his constitutional rights during the disciplinary proceedings.

He would like the Court to expunge the disciplinary incident report and restore the twenty-seven days of good conduct time that he forfeited as a result of the hearing officer's findings and conclusions.

## II.  Analysis

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).[1] If the petition appears legally insufficient on its face, a federal court may summarily dismiss it. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Petitioner's request for habeas relief under § 2241 fails because he had not named the proper respondent. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *see also*

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases, a district court may apply the rules to a habeas corpus petition that was not filed under § 2254.

*De Los Santos v. United States*, 133 F. App'x 992, 993 (6th Cir. 2005) (stating that, "[a]s a general matter, the proper respondent in a habeas proceeding instituted by a prisoner is the warden of the penal institution in which the prisoner is incarcerated"). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla,* 542 U.S. at 443. And "[w]rits of habeas corpus may be granted by . . . the district courts . . . [only] within their respective jurisdictions." 28 U.S.C. § 2241(a).

Petitioner is incarcerated in California. Therefore, even though the acts complained of occurred in this District, the proper respondent is the warden of the federal facility in California where Petitioner is confined. And because this Court has no jurisdiction over Petitioner's warden in California, the habeas petition is summarily dismissed without prejudice.

Dated: October 16, 2015                    s/Gerald E. Rosen
                                           Chief Judge, United States District Court

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2015, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135